# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPPHION SUTTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL BOWERSOX, ) <br> ) <br> Respondent. ) | Case no. 4:06cv0828 TCM |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Stepphion Sutton, a Missouri prisoner serving an eighteen-year sentence, for federal habeas corpus relief is before the undersigned Magistrate Judge for a final disposition pursuant to the parties' written consent. See 28 U.S.C. § 636(c).

## Background

In August 2002, police officers Michael Barwick and Jenna Christian were in their police cruiser when they saw a blue Chrysler automobile which had been reported stolen. (Resp. Ex. 1 at 64.) When they began to follow the Chrysler, it sped away at a high speed. (Id.) The officers gave pursuit. (Id.) The pursuit led to the intersection of St. Louis Avenue and 25th Street, where the cruiser, driven by Officer Barwick, struck a van, rolled over several times, and caught fire. (Id. at 65.) Officer Barwick suffered blunt head trauma and died of his injuries. (Id.) Officer Christian was seriously injured. (Id.)

The driver of the stolen Chrysler was Deonne Hampton. (Id. at 64.) The front seat passenger was Stepphion Sutton ("Petitioner"). (Id.) The back seat passengers were four

juveniles. (Id.) Petitioner, Hampton, and the four juveniles left the accident scene in the Chrysler. (Id. at 65.) Petitioner and the four juveniles eventually left Hampton and drove off in another stolen car. (Id.) Again, police gave pursuit. (Id.) Again, the pursuit resulted in a crash, this time of the stolen car. (Id.) Petitioner fled the scene and was later apprehended. (Id. at 66.)

The juveniles gave statements implicating Petitioner. (Id.) Petitioner also gave an inculpatory, videotaped statement. (Id.) He was charged with second degree felony murder with the predicate felony being stealing a motor vehicle. (Id. at 10.) After he explained at his change of plea hearing that he had not helped to steal the car and had only watched Hampton do it, a substitute information in lieu of indictment was filed, changing the predicate felony to first degree tampering with a motor vehicle and adding a theory of accomplice liability. (Id. at 51, 67, 68.) Petitioner pleaded guilty to second degree felony murder and was later sentenced. (Id. at 72, 101.)

In a timely-filed motion for post-conviction relief, Petitioner alleged that the court had no factual basis to accept the guilty plea as required by Missouri Supreme Court Rule 24.02(e).[1] Thus, his trial counsel "was ineffective for advising [him] to plead guilty . . . where there were no facts presented at his guilty plea hearing to prove he committed the underlying felony of tampering in the first degree. The State failed to establish [Petitioner] knowingly received, possessed, sold, altered, defaced, destroyed or unlawfully operated the

---

[1] Rule 24.02(e) mandates that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

blue Chrysler . . . of that he aided or abetted . . . Hampton in committing the crime." (Id. at 129.)

The court denied Petitioner's motion without a hearing, finding in relevant part:

> [Petitioner] was present at the scene of the crime as a passenger in the front seat of a stolen vehicle which fled from police and acknowledged that he had been present in a series of vehicle thefts with Deonne Hampton. [Petitioner] admitted that he aided or encouraged Deonne Hampton in operating the stolen car. While mere presence is insufficient to establish accomplice liability encouragement is enough. "Encouragement" for the purpose of determining accomplice liability, is equivalent of conduct that by any means countenances or approves of the criminal actions of another. [Petitioner's] actions clearly fall within this definition of encouragement. [Petitioner's] allegation is without merit and denied.

(Id. at 150-51.) (Interim citations omitted.)

Petitioner appealed, arguing that (1) the motion court had clearly erred by finding his guilty plea complied with Rule 24.02(e) and (2) his trial counsel was ineffective for advising him to plead guilty regardless of the State having failed to establish a sufficient factual basis for the plea. (Resp. Ex. 2 at 10, 11.) The appellate court rejected both claims. (Resp. Ex. 4.) In an accompanying memorandum, the court explained:

> [T]he record clearly refutes [Petitioner's] claim that the trial court lacked a sufficient factual basis upon which to find [Petitioner] guilty. While [Petitioner] denied stealing the vehicle in question, [Petitioner] admitted he was present when the driver stole the vehicle. Further, [Petitioner] rode as a passenger in the front seat of the stolen vehicle and was present at the scene of the crime, where this stolen vehicle was involved in a high speed chase that resulted in the death of a police officer. . . . [Petitioner] admitted he aided and encouraged the driver in operating the motor vehicle. We find the plea court complied with Rule 24.02 and had sufficient factual basis upon which to accept [Petitioner's] guilty plea.

(Id. at 4-5.)

Petitioner now raises these same two claims for § 2254 relief. Respondent counters that the first argument is not a cognizable habeas claim and the second is without merit.

**Discussion**

Ground One: Motion Court Error. "In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 68 (1991); accord **Middleton v. Roper**, 455 F.3d 838, 852 (8th Cir. 2006); **Brown v. Luebbers**, 371 F.3d 458, 466 (8th Cir. 2004). Accordingly, "'[a] federal court may not re-examine a state court's interpretation and application of state law.'" **McDonald v. Bowersox**, 101 F.3d 588, 592 (1996) (quoting Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994)). See also **Taylor v. Bowersox**, 329 F.3d 963, 968 (8th Cir. 2003) ("A state's interpretation of its own law is virtually unreviewable by a federal court.").

Petitioner's first ground challenges only the state courts's findings that the trial court had not complied with a Missouri procedural rule requiring that the court determine whether there is a factual basis for a guilty plea before entering judgment on that plea. This is a challenge only to Missouri's application of its own rules. It is not cognizable in this proceeding.[2] See **Lee v. Norris**, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law . . . is not cognizable in federal habeas.").

---

[2]The Court notes that the Missouri Court of Appeals concluded that the trial court had established that there was a factual basis for Petitioner's guilty plea. "Determinations of state law by the Missouri Court of Appeals are binding." **Crump v. Caspari**, 116 F.3d 326, 327 (8th Cir. 1997). Thus, Petitioner's ground would be unavailing even if reached on its merits.

Ground Two: Ineffective Assistance of Trial Counsel. Petitioner also argues that his trial counsel was ineffective for advising him to plead guilty when there were no facts presented at his guilty plea hearing to prove he committed the underlying felony of first degree tampering.

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].'" **Hill v. Lockhart**, 474 U.S. 52, 56-57 (1985) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1970)). Consequently, to obtain habeas relief Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty and would have insisted on going to trial but for that deficient performance. See **Gingras v. Weber**, 543 F.3d 1001, 1004 (8th Cir. 2008); **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001). "In determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome

of the *plea process*.'" <u>Wanatee v. Ault</u>, 259 F.3d 700, 703 (8th Cir. 2001) (quoting <u>Hill</u>, 474 U.S. at 59).

Under Missouri law, a person is guilty of first degree tampering with a motor vehicle if that person "knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates" that vehicle "without the consent of the owner thereof." Mo.Rev.Stat. § 569.080.1(2). Petitioner was charged with the felony under a theory of accomplice liability. "With respect to accomplice liability, Missouri does not distinguish between principals and accessories." <u>State v. Duff</u>, 281 S.W.3d 320, 326 (Mo. Ct. App. 2009) (citing <u>State v. Wurtzberger</u>, 40 S.W.3d 893, 895 (Mo. 2001) (en banc)). To make a submissible case under this theory, the State need not show that the defendant "personally committed every element of the crime," but must show some "'affirmative participation in aiding the principal to commit the crime.'" **Id.** (quoting <u>Wurtzberger</u>, 40 S.W.3d at 896)). "The defendant's 'mere encouragement is enough.'" **Id.** (quoting <u>State v. Bradshaw</u>, 26 S.W.3d 461, 469 (Mo. Ct. App. 2000)).

Asked by the court to describe the factual basis for the charges, the prosecutor stated that Petitioner entered the car with Hampton and "at that time knew that the car had been stolen . . . and aided or encouraged Deonne Hampton in operating that stolen car." (Resp. Ex. A at 69.) Having previously asked Petitioner to "listen carefully" to the prosecutor's recitation of the facts, the court then asked him if the prosecutor had said anything that was not true. (<u>Id.</u>) Petitioner replied that he had not, nor had he left anything out. (<u>Id.</u> at 69-70.)

Petitioner now challenges the effectiveness of his trial counsel on the grounds that there as no factual basis for his plea. The prosecutor described such basis at the change of plea hearing; Petitioner, under oath, said the description was accurate. It was not until after receiving the maximum sentence that Petitioner said he was not guilty of the charges. (Id. at 102.)

"Solemn declarations in open court carry a strong presumption of verity." **Blackledge v. Allison**, 431 U.S. 63, 74 (1977). Petitioner affirmed, under oath, that the prosecutor's description of the events leading to Officer Barwick's death was accurate. That description included the elements of first degree tampering. His present claim that there was no factual basis for the tampering charge is without merit. Consequently, his challenge to his trial counsel's performance based on that claim is also without merit.[3]

## Conclusion

For the foregoing reasons, Petitioner's first § 2254 claim is not cognizable and his second is without merit. Accordingly,

**IT IS HEREBY ORDERED** that the 28 U.S.C. § 2254 petition of Stepphion Sutton is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

---

[3]The Court notes that Petitioner includes additional allegations of ineffective assistance of trial counsel in that portion of his § 2254 petition asking for a summary of the facts supporting his second ground. These allegations were not presented to the state courts and, insofar as they may be construed as additional claims of ineffective assistance of trial counsel, are procedurally barred. See **Carney v. Fabian**, 487 F.3d 1094, 1096 (8th Cir.) (describing procedural default in § 2254 proceedings), cert. denied, 128 S.Ct. 721 (2007).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE


Dated this 30th day of June, 2009.